# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50177 | **DATE** | 5/31/2011 |
| **CASE TITLE** | Nationwide Affinity Ins. Co. vs. Gillham | | |

**DOCKET ENTRY TEXT:**

Defendant's motion for summary judgment [15] is denied. Plaintiff's motion for summary judgment [20] is granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Nationwide Affinity Insurance Company (Nationwide), has sued defendants, the Special Administrator of the Estate of Allan J. Pax, a successor in interest and an insured under the policy (Pax estate); and Robert Gillham, Sr., individually and as the Special Administrator of the Estate of Charles Robert Gillham II (Gillham estate), seeking a declaratory judgment indicating that the motor vehicle liability exclusion in the homeowner's insurance policy issued to Allan J. Pax precludes coverage for claims the Gillham estate has brought against the Pax estate in state court. Nationwide and the Gillham estate have each moved for summary judgment. For the reasons that follow, Nationwide's motion is granted and the Gillham estate's motion is denied.

### I. FACTS

The following facts are undisputed. Nationwide issued a homeowner's insurance policy to Allan J. Pax providing $300,000 of personal liability coverage for a term from May 5, 2008 through May 5, 2009 (the policy). The policy contains a liability coverage exclusion for "motor vehicle liability" if, at the time and place of an "occurrence," the involved "motor vehicle" is registered for use on public roads. The policy defines "motor vehicle liability" as, among other things, bodily injury arising out of the occupancy, operation, or use of such vehicle by any person.

On November 23, 2008, Charles Robert Gillham II and Allan J. Pax died from injuries they sustained after the vehicle driven by Pax left the road. In an amended complaint at law pending in the Circuit Court of the Fifteenth Judicial Circuit, Stephenson County, Illinois, the Gillham estate alleges that on November 22, 2008 Gillham attended a party at Pax's apartment where Pax served Gillham alcoholic beverages. Pax drove Gillham to a second party at the home of the Watson's where Pax and Gillham were permitted to consume more alcoholic beverages. Shortly after 1 a.m. on November 23, 2008, Pax was driving his vehicle and Gillham was his passenger when Pax failed to negotiate a turn resulting in a motor vehicle accident which caused both their deaths. In Count I of the amended complaint, it is alleged that the motor vehicle accident was the result of Pax' negligence in driving under the influence of alcohol and otherwise negligently operating a motor vehicle. In Count II, it is alleged that the motor vehicle accident was the result of Pax supplying alcohol to Gillham, a person

| STATEMENT |
|---|

under 18 years of age, in violation of the Illinois Drug or Alcohol Impaired Minor Responsibility Act, 740 ILCS 58/1 et seq., which diminished Gillham's capacity resulting in Gillham's inability to look out for his own best interest. In Count III, the allegations of Counts I and II are incorporated in a claim under the Illinois Wrongful Death Act. Counts IV and V are claims against the Watsons.

Thereafter, Nationwide filed this suit for declaratory judgment naming as defendants the Pax estate, a successor in interest and an insured under the policy, and the Gillham estate. Before the court are cross-motions for summary judgment filed by Nationwide and the Gillham estate.

## II. ANALYSIS

This court has subject matter jurisdiction over this matter because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a). "Under the Erie doctrine, federal courts in diversity cases . . . apply state 'substantive' law but federal 'procedural' law." Gacek v. Am. Airlines, Inc., 614 F.3d 298, 301 (7th Cir. 2010). Summary judgment will be granted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." Crum & Forster Managers Corp. v. Resolution Trust Corp., 156 Ill. 2d 384, 391 (1993).

In its motion for summary judgment, as well as in its response to the Gillham estate's motion for summary judgment, Nationwide maintains that terms of the policy and the undisputed facts demonstrate that the policy affords no coverage for the claims alleged in the underlying lawsuit because liability for all the claims in the underlying lawsuit is excluded under the policy's motor vehicle liability exclusion. The Gillham estate maintains that under Illinois law there may be more than one proximate cause of an injury, and if any proximate cause is not an excluded cause, there is coverage under the policy. Therefore, the Gillham estate argues that even if the injuries caused by the negligent operation of a motor vehicle are excluded under the policy the other cause of the injuries, Gillham's impaired judgment as a result of Pax providing him with alcohol, is not excluded.[1]

The Gillham estate does not expressly concede that the motor vehicle liability exclusion negates coverage for the claim in Count I of the underlying complaint, but makes no argument that it does not. The court finds that the exclusion is applicable to the allegations in Count I because allegations that Gillham's injuries from the motor vehicle accident were the result of Pax' negligence in driving under the influence of alcohol and otherwise negligently operating a motor vehicle clearly arise out of the occupancy, operation, or use of a vehicle.

In contrast to Count I, Counts II and III of the underlying complaint allege dual causes of Gillham's injuries. Specifically, Pax' negligent operation of a motor vehicle and Pax' provision of alcohol to Gillham, which diminished Gillham's judgment to the point that he chose to ride in a vehicle operated by an impaired Pax.

The Illinois Supreme Court's decision in Northbrook Property & Casualty Co. v. Transportation Joint Agreement, 194 Ill. 2d 96 (2000), is the controlling authority on the application of an insurance policy's motor vehicle liability exclusion to cases alleging bodily injury from multiple causes. In Northbrook, the general casualty insurer of two school districts sought a declaratory judgment that it had no duty to defend the school districts in numerous lawsuits arising from the collision of a school bus and a train because the injuries arose out of the negligent operation of the bus. Id. at 97-98. The appellate court reversed summary judgment in favor of the insured finding that underlying lawsuits alleged that the injuries arose from both negligent operation of the bus as well as the failure of the school districts to adequately plan and inspect bus routes and warn bus drivers of potential hazards. Id. at 98. The appellate court held that the latter cause was wholly independent of any negligent operation of the bus. Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement, 309 Ill. App. 3d 261, 266-67 (1999). The appellate court concluded that "[s]ince the underlying complaint alleges more than one proximate cause and some of the alleged proximate causes are wholly independent of the driver's negligence,

## STATEMENT

[the insurer] failed to establish that the alleged proximate cause of the injury was solely the 'use, operation, or maintenance' of the bus." Id at 267. The Illinois Supreme Court disagreed:

> the allegations of the underlying complaints utterly fail to state facts which either actually or potentially bring the cases within the policy's coverage. The policy excludes injuries arising from the school districts' use or operation of a motor vehicle. Allegations that the school districts inadequately planned and inspected bus routes or failed to warn bus drivers of potential hazards along the routes are nothing more than rephrasings of the fact that the students' injuries arose from the school districts' use or operation of a motor vehicle. Contrary to the appellate court's holding, the students' complaints failed to allege that the injuries arose from events 'wholly independent of any negligent operation of the bus.' Northbrook therefore has no duty to defend the school districts in the underlying lawsuits.

Northbrook, 194 Ill. 2d at 98-99 (citation omitted).

Massachusetts Bay Insurance Co. v. Unique Presort Services, Inc., 287 Ill. App. 3d 741 (1997), is nearly on all fours with the instant case. In Massachusetts Bay, the underlying complaint alleged that the insured's employee was driving a truck while under the influence of cannabis at the time of the collision as well as negligence on the part of the insured for failure to test its employee for drugs pursuant to federal drug-testing regulations. Id. at 743. This latter count was wholly dependent on the alleged negligent operation of the vehicle; that is, but for the employee's negligence in operating the truck, the accident would not have occurred. Thus, the court held that the automobile exclusion barred coverage. Id. at 746-47.

In support of its position that the motor vehicle liability exclusion does not preclude coverage, Gillham's estate relies heavily on an earlier case, United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co., 152 Ill. App. 3d 46 (1987) (USF & G). In USF & G, a child being transported in a station wagon operated by a day-care center was injured when a passenger door opened and she fell from the moving vehicle. Id. at 47. The parents of the injured child sued the day-care center, alleging in two counts that its failure to provide sufficient and adequate supervision of the children, and its failure to operate and maintain the station wagon properly were both proximate causes of the injuries. Id. At the time of the occurrence, a policy issued to the day-care center excluded "'bodily injury arising out of the ownership, maintenance, operation [or] use of (1) any automobile . . . owned or operated by . . . any insured, or (2) any other automobile . . . operated by any person in the course of his employment by an insured.'" Id. at 48 (alterations in original). The USF & G court reasoned that the negligent supervision claim, as a proximate cause of the child's injuries, was not excluded under the policy:

> If a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy.

Id.

However, the Seventh Circuit has observed that "USF & G must be read together with Allstate Insurance Co. v. Pruitt ex rel. Pruitt, 177 Ill. App. 3d 407 (1988), which limits the applicability of the USF & G principle to cases in which the two causes of injury are wholly independent of one another." Transamerica Ins. Co. v. South, 975 F.2d 321, 330 (7th Cir. 1992); see also State Farm Fire & Cas. Co. v. Perez, 387 Ill. App. 3d 549, 559-60 (2008) (explaining that negligent supervision in the USF & G case could have been the sole cause of the alleged injury even if no negligent vehicle use existed); W. Am. Ins. Co. v. Tovar, No. 01 C 2747, at *6, 2002 WL 256803 (N.D. Ill. Feb. 21, 2002) (claimant's injuries in [USF & G] could have been caused by negligent supervision apart from the operation of the vehicle-i.e., "the center's failure to prevent another child from pushing

| STATEMENT |
|---|

her from the car"); State Farm Fire & Cas. Co. v. Mann, 172 Ill. App. 3d 86, 92 (1988) (explaining that the USF & G court "limited its holding to cases where the actionable event could be proved independent of the excluded motor vehicle"). Moreover, the holding in USF & G has been called into doubt. Allstate Ins. Co. v. Smiley, 276 Ill. App. 3d 971, 982-83 (1995). Furthermore, in view of the more recent holding of the Illinois Supreme Court in Northbrook, it is clear that under Illinois law where both covered and excluded causes of an injury are alleged, coverage will be precluded unless the covered cause is "wholly independent" of the excluded cause. Northbrook, 194 Ill. 2d at 99 (quotation marks omitted).

In this case, while it is alleged that the alcohol provided to Gillham by Pax impaired Gillham's judgment, Pax' provision of alcohol to Gillham was not a wholly independent cause of Gillham's death. On the contrary, the injury that would make the providing of alcohol to Gillham actionable, his death in a motor vehicle accident, is wholly dependent on the negligent operation of a motor vehicle.[2] Therefore, the motor vehicle liability exclusion is applicable and Nationwide is entitled to summary judgment.

Gillham's estate attempts to establish the independence of the providing alcohol cause by postulating that Gillham "might have been injured by any one of several instrumentalities that night –a fall, a fight, acute alcohol poisoning etc. None of those would have anything to do with the use or operation of an automobile." The fall and fight hypotheticals merely suggest other causes that the providing alcohol cause would remain dependent upon and which are not excluded under the policy. The alcohol poisoning hypothetical makes the provision of alcohol the sole cause of the actionable injury. The Gillham estate's hypotheticals, however, do nothing to demonstrate how it has alleged in the underlying complaint that the provision of alcohol cause was wholly independent of the negligent operation of a motor vehicle cause.

### III. CONCLUSION

For the reasons set forth above, the court grants Nationwide's motion for summary judgment and denies the Gillham estate's cross motion for summary judgment. Further, the court declares that coverage for the injuries alleged in the underlying lawsuit are excluded under the policy's motor vehicle liability exclusion.

---

1. In the event that the court found the motor vehicle liability exclusion inapplicable, the parties have advanced alternative arguments concerning the applicability of the policy's "expected and intended" exception and whether the provision of alcohol was an "occurrence" under the policy. However, because this court's resolution of the motor vehicle liability exclusion issue is dispositive, the court will not reach these alternative arguments.

2. The Drug or Alcohol Impaired Minor Responsibility Act provides, inter alia, that any person at least 18 years of age who willfully supplies alcoholic liquor to a person under 18 years of age and causes the impairment of such person is liable for death or injury to persons or property caused by the impairment of such person. 740 ILCS 58/5(a).